UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AARON SNEED JR.,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ACELRX PHARMACEUTICALS, INC., et al.,<br><br>　　　　　　　Defendants. | Case No.  21-cv-04353-BLF<br><br>**ORDER APPOINTING AARON SNEED AND YAACOV MUSRY AS LEAD PLAINTIFFS AND POMERANTZ LLP AS LEAD COUNSEL**<br><br>[Re:  ECF Nos. 28, 33] |

　　　　Before the Court are two[1] competing motions to appoint lead plaintiffs and lead counsel in this securities class action brought against AcelRx Pharmaceuticals, Inc., Vincent Angotti, and Raffi Asadorian over allegedly misleading statements made about AcelRx's DSUIVA drug.[2]  The first motion is brought by putative lead plaintiffs Aaron Sneed and Yaacov Musry and their putative counsel Pomerantz LLP.  ECF No. 28 ("S&M Motion").  The second is brought by putative lead plaintiff Paul Dupré and his putative counsel Roche Freedman LLP.  ECF No. 33 ("Dupré Motion").  Each party has filed an opposition to the competing motion.  ECF Nos. 36, 38.  The Court held a hearing on this matter on December 16, 2021.  For the reasons stated on the record and explained below, the Court APPOINTS Aaron Sneed and Yaacov Musry as the lead

---

[1] Two additional motions to appoint a lead plaintiff were filed and later withdrawn.  *See* ECF Nos. 20, 35 (David O'Grady); 16, 34 (Kevin Havens).

[2] The Court has also consolidated four follow-on derivative actions against these defendants and others related to the same facts.  *See In re AcelRx Pharmaceuticals Derivative Litig.*, No. 21-cv-5197.  That consolidated case is stayed pending the resolution of the anticipated motion to dismiss in this case.

plaintiffs and Pomerantz LLP as lead counsel. Accordingly, Dupré's motion is DENIED and Sneed and Musry's motion is GRANTED.

## I. LEGAL STANDARD

### A. Lead Plaintiff

The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the procedure for selection of lead plaintiff in all private class actions under the Securities Exchange Act of 1934. 15 U.S.C. § 78u-4(a)(3). Pursuant to the PSLRA, the court shall appoint as lead plaintiff "the most adequate plaintiff"—"the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id*. § 78u-4(a)(3)(B)(i).

The PSLRA "provides a simple three-step process for identifying the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). First, the pendency of the action, the claims made, and the purported class period must be publicized in a "widely circulated national business-oriented publication or wire service." *Id*.; *see also* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I). This notice must be published within 20 days of the filing of the complaint. *Id.* It must also alert members of the purported class that they have 60 days to move for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Second, the court must identify the presumptive lead plaintiff. To do so, the court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *In re Cavanaugh*, 306 F.3d at 730. The court must then determine whether that individual, "based on the information he has provided in his pleadings and declarations," satisfies the requirements of Rule 23(a), "in particular those of 'typicality' and 'adequacy.'" *Id.* If the plaintiff with the largest financial interest satisfies these requirements, he becomes the "presumptively most adequate plaintiff." *Id.*; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Finally, the other plaintiffs must have "an opportunity to rebut the presumptive lead plaintiff's showing that [he] satisfies Rule 23's typicality and adequacy requirements." *In re Cavanaugh*, 306 F.3d at 730. Unless a member of the purported plaintiff class provides proof that the presumptive plaintiff "(aa) will not fairly and adequately protect the interests of the class; or

2

1  (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing
2  the class," the court must appoint the presumptively most adequate plaintiff as lead plaintiff. 15
3  U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d at 732.

### B. Lead Counsel

Under the PSLRA, the lead plaintiff has the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted).

## II. DISCUSSION

### A. Procedural Requirements

Both sets of movants have complied with the antecedent procedural requirements to qualify as putative lead plaintiffs. Putative counsel for Sneed and Musry, Pomerantz LLP, caused to be published over *PR Newswire* a notice stating that this securities action had been filed against Defendants and advising putative plaintiffs to file motions by August 9, 2021, in compliance with 15 U.S.C. § 78u-4(a)(3)(A)(i). ECF No. 28-4 (press release announcing lawsuit). Both Sneed and Musry and Dupré filed timely motions on that date. The procedural requirements are thus met.

### B. Greatest Financial Loss

The Court must next identify the presumptive lead plaintiff—the putative lead plaintiff with the greatest financial interest in the litigation. *See In re Cavanaugh*, 306 F.3d at 730. To determine which movant has the largest financial interest, courts have looked to four measures first articulated in *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997): (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered during the class period. *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012). The total approximate losses are the most significant consideration. *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *4

(N.D. Cal. Mar. 4, 2013).

The movants do not dispute the information each has provided regarding these factors, which are summarized in the table below:

| Movant | Shares Purchased | Retained Shares | Net Funds Expended | Total Loss | Source |
|---|---|---|---|---|---|
| Dupré | 78,100 | 76,800 | $182,294 | $57,183 | ECF No. 25-2 |
| Sneed and Musry | 80,333 | 80,333 | $158,977 | $31,356 | ECF No. 28-3 |
| *Sneed only* | 39,008 | 39,008 | $79,001 | $16,799 | *Id.* |
| *Musry only* | 41,025 | 41,025 | $79,976 | $14,558 | *Id.* |

Based on these submissions, Dupré has the largest financial interest of the two sets of movants. While Sneed and Musry together purchased and retained more shares than did Dupré, Dupré expended the most funds and had a higher total loss. Because the total approximate losses are the most significant consideration, *Nicolow*, 2013 WL 792642, at *4, the Court finds that Dupré has the largest financial interest, which makes him the presumptive lead plaintiff.

### C.  Rule 23 Requirements

Upon determining the movant with the largest financial interest, the court "must then focus its attention on that plaintiff and determine ... whether he satisfies the requirements of Rule 23(a)." *In re Cavanaugh*, 306 F.3d at 730; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) requires satisfaction of four factors to serve as a class representative:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The typicality and adequacy requirements of Rule 23 are the main focus of the determination of a lead plaintiff. *See In re Cavanaugh*, 306 F.3d at 730. Examination of the remaining requirements is deferred until the lead plaintiff moves for class certification.

The plaintiff with the largest financial stake in the controversy that preliminarily satisfies

4

the typicality and adequacy requirements is presumed to be the "most adequate plaintiff." *In re Cavanaugh*, 306 F.3d at 730. The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).

Court must then "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *In re Cavanaugh*, 306 F.3d at 730 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)). The presumption of adequacy "may be rebutted only upon proof ... that the presumptively most adequate plaintiff" does not satisfy the adequacy or typicality requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d at 729. If the presumptive lead plaintiff does not meet the typicality or adequacy requirement, the court determines whether the plaintiff with the next highest stake in the litigation has made a prima facie showing of typicality and adequacy. *In re Cavanaugh*, 306 F.3d at 731. "If so, it must declare that plaintiff the presumptive lead plaintiff and repeat step three of the process by giving other plaintiffs an opportunity to rebut that showing. This process must be repeated sequentially until all challenges have been exhausted." *Id.*

### i. Dupré

Because Dupré has the largest financial interest and is thus the presumptive lead plaintiff, the Court first analyzes these factors as to him and looks to Sneed and Musry's attempts to rebut the presumption.

#### a. Typicality

The Court finds that Dupré has satisfied the typicality requirement because he possesses the same injury as members of the putative class and does not base his claims on conduct unique to him. *Hanon*, 976 F.2d at 497. Indeed, no party has contested Dupré's typicality.

b. Adequacy

Sneed and Musry do, however, attempt to rebut Dupré's status as the presumptive lead plaintiff by contesting his adequacy.³ Sneed and Musry say Dupré is inadequate because he was indicted in 1994 for embezzling over $900,000 from two different companies at which he was employed. ECF No. 38 at 6–7 (citing *Haemonetics Corp. v. Dupré*, 238 B.R. 224, 225 (D. Mass. 1999)). Dupré pleaded guilty to fourteen counts of wire fraud and served 18 months in prison. *Id.* Sneed and Musry say that Dupré should not be appointed as lead plaintiff because the misconduct to which he pled directly bears on trustworthiness and undermines his ability to serve as a fiduciary to members of the putative class. *Id.* Sneed and Musry also fault Dupré for failing to be candid about this history in his own motion and by failing to respond to the allegations himself in a declaration he could have submitted with his response papers. *Id.* Dupré responds—not in a declaration, but through his attorney in the response papers—that the conviction is 26 years old and that he has "reformed his life since then," and so the Court should not be concerned about his adequacy to represent the class. ECF No. 40 at 2–4.

The Court concludes that Dupré is not an adequate class representative. His offenses were serious financial crimes involving misappropriation of funds to which Dupré was entrusted as an employee of those companies. The offenses alone may not have resulted in finding him inadequate to serve as a class representative, given that they occurred over 26 years ago. *See In re: Facebook Privacy Litig.*, 2016 WL 4585817, at *5–6 (N.D. Cal. Sep. 2, 2016) (appointing as lead plaintiff in a consumer class action an individual with a 2-year-old embezzlement conviction); *Bodri v. GoPro Inc.*, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) (appointing as lead plaintiff in securities class action an entity led by individual who pled guilty to making false statements on shipper's export declaration 14 years prior to litigation). But in those cases there was no concern about the movant's candor to the court regarding those offenses. The Court here, in contrast, has serious concerns about Dupré's candor to his attorney and this Court regarding his misconduct. Dupré did not disclose the offenses in his own motion, and as became

---

³ Former movant David O'Grady makes the same objections to Dupré's adequacy. ECF No. 35.

clear at the hearing, he did not even disclose them to his own counsel until after counsel for Sneed and Musry confronted them about it. After Sneed and Musry identified the issue for the Court in their own papers, in reply Dupré declined to submit an additional declaration explaining the offenses and his lack of candor about them. This leaves the Court with only the generic unsworn statements in his response brief that he has "reformed his life" since his offenses. Dupré's failure to disclose his prior felony embezzlement conviction to his own attorney raises the concern that his personal conduct will at least be a distraction from the case in chief or actually create unique defenses to be raised against him in discovery and later phases of the case.

Dupré's prior offenses, combined with his lack of candor to his attorney and the Court, lead the Court to conclude that Dupré is an inadequate class representative, and thus that Sneed and Musry have rebutted his status as presumptive lead plaintiff.

### ii. Sneed and Musry

With Dupré's status as presumptive lead plaintiff rebutted, the Court turns to Sneed and Musry as the movants with the "next highest stake in the litigation" to determine if they are typical and adequate class representatives. *In re Cavanaugh*, 306 F.3d at 731.

#### a. Typicality

The Court finds that Sneed and Musry have satisfied the typicality requirement for the same reasons as Dupré did. No movant contests their typicality. *Hanon*, 976 F.2d at 497.

#### b. Adequacy

The Court also finds that Sneed and Musry have satisfied the adequacy requirement. There is no indication that there are any conflicts between them and the class's interests, and as the Court concludes below their attorneys are qualified, experienced, and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton*, 327 F.3d at 957. Sneed and Musry have submitted declarations indicating their willingness to serve as class representatives, and their significant losses due to their purchase of AcelRx securities demonstrate their significant personal interest in this litigation.

Dupré argues that Sneed and Musry are not suitable to act as class representatives because they are an "inappropriate movant group brought together by counsel solely as an attempt to create

1   the largest financial interest." ECF No. 38.  Dupré notes that they reside in different states and
2   have no pre-litigation relationship.  *Id.*  Sneed and Musry respond that the PSLRA specifically
3   allows groups of lead plaintiffs, and that their "small and cohesive" two-person group will
4   zealously represent the class's interests.  ECF No. 39 at 5.

The Court agrees that Sneed and Musry are a suitable pair of lead plaintiffs.  The PSLRA defines the "most adequate plaintiff" as "the member *or members* of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).  Courts have held that "small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."  *Perrin v. Sw. Water Co.*, 2009 WL 10654690, at *3 (C.D. Cal. Feb. 13, 2009) (citing *In re Cavanaugh*, 306 F.3d at 726) (appointing group of three lead plaintiffs); *accord In re Cendant Corp. Litig.*, 264 F.3d 201, 266–67 (3d Cir. 2001) (recognizing the PSLRA specifically provides for "groups of persons" to serve as lead plaintiff).  Both Sneed and Musry are sophisticated investors who understand the responsibilities of being a lead plaintiff under the PSLRA and have indicated that they will cooperate in the prosecution of this litigation on behalf of the class.  ECF No. 28-6 ¶¶ 4-12.  The Court finds that Sneed and Musry together are a "small and manageable" pair of lead plaintiffs, and thus that they satisfy the requirements of Rule 23.

### D.  Lead Counsel

No party has objected to Sneed and Musry's selection of Pomerantz LLP as lead counsel.  The Court has reviewed Pomerantz's firm resume and is satisfied that Sneed and Musry have made a reasonable choice of counsel.  *See* ECF No. 25-4.  Accordingly, the Court APPROVES Sneed and Musry's selection of Pomerantz as lead counsel.

/ / /

/ / /

/ / /

/ / /

/ / /

## III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Sneed and Musry's motion to appoint lead plaintiffs and lead counsel is GRANTED.  Dupré's competing motion is DENIED. **No later than January 14, 2022**, the parties SHALL meet-and-confer and propose a schedule for (1) the filing of an amended complaint and (2) the filing of Defendants' responsive pleading.

Dated:  December 16, 2021

_____
BETH LABSON FREEMAN
United States District Judge